IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DENNIS A. RIVAS-MEMBRENO, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PWG-19-2036 |
| WARDEN W. WEST and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |
| | *** | |

## **MEMORANDUM OPINION**

Petitioner Dennis A. Rivas-Membreno filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2014 conviction in the Circuit Court for Montgomery County. ECF No. 1. Respondents assert that the Petition is subject to dismissal because it raises only procedurally defaulted claims. ECF No. 5. Rivas-Membreno filed a reply. ECF No. 6. No hearing is necessary to resolve the matter. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the Court shall deny the Petition. The Court also declines to issue a certificate of appealability.

## BACKGROUND

Rivas-Membreno was convicted of two counts of robbery with a dangerous weapon, three counts of false imprisonment, conspiracy to commit robbery with a dangerous weapon, inducing false testimony, witness intimidation, solicitation of witness intimidation, and obstruction of justice in connection with the robbery of a restaurant in Gaithersburg, Maryland. ECF No. 5-1 at

18-20; 39-41; 52-77. The Court of Special Appeals summarized the underlying facts of the crime as follows:

> On September 29, 2013, two men wearing ski-masks and gloves entered a Five Guys restaurant in Gaithersburg, Maryland. One of the men pointed what appeared to be a gun at the supervisor, Rosa Gomez-Melendez ("Gomez-Melendez") and demanded that she open the restaurant's safe. While one of the men took money from the safe, the other took Gomez-Melendez's and two other employee's cell phones and led the three employees into the restaurant's walk-in freezer. After the employees determined that the assailants had left, they emerged from the freezer and used a computer to contact their family, who, in turn, contacted the police.
>
> Carolina Caero ("Caero") was one of the employees who was placed in the freezer the night of the robbery. After the robbery, Caero informed the police that she recognized one of the robbers as Alvin Compres ("Compres"). Caero averred that she and Compres had gone to school together, and that in the past Compres frequently came to the restaurant to pick up his wife who had previously worked at the restaurant. Likewise, Stephanie Majia ("Majia"), another employee working that evening, also identified Compres as one of the robbers.
>
> Upon Compres' apprehension, he disclosed that he planned the robbery with Rivas-Membreno. Compres further reported that he and Rivas-Membreno entered the restaurant together, and that it was Rivas-Membreno who ordered Gomez-Melendez to open the safe and that Rivas-Membreno took the money. Additionally, Compres averred that after the robbery he and Rivas-Membreno went to the Compres' house and split the $1,500 they stole between themselves and a third accomplice who drove the getaway vehicle. At the time of Rivas-Membreno's trial, Compres had already pled guilty for crimes relating to his participation in the robbery, and he was awaiting sentencing.
>
> Rivas-Membreno was originally charged with two counts of robbery with a dangerous weapon, three counts of false imprisonment, and conspiracy to commit robbery with a dangerous weapon. Before trial, however, [he wrote a threatening letter to Compres urging Compres' wife not to testify against him at trial]. In light of Rivas-Membreno's correspondence to Compres, the State secured a second indictment [charging] Rivas-Membreno with inducing false testimony, witness intimidation, solicitation of witness intimidation, and obstruction of justice.

ECF No. 5-1 at 54-56.[1]

---

[1] Page citations refer to the page numbers assigned by the Court's electronic docketing system.

Rivas-Membreno was found guilty on all charges following a five-day jury trial from August 18, 2014 through August 21, 2014 in the Circuit Court for Montgomery County. ECF No. 5-1 at 18-20; 39-41. Rivas-Membreno was initially sentenced to serve an aggregate of 30 years. ECF No. 5-1 at 22; 42-43. On direct appeal Rivas-Membreno raised two isssues, stated by the Court of Special Appeals as follows:

> 1. Whether the trial court erred in admitting evidence relied upon by an expert, regarding the locations of cell phone towers.
>
> 2. Whether the trial court erred in failing to merge Rivas-Membreno's sentences for witness intimidation, solicitation of witness intimidation, and inducing false testimony, with his sentence of obstruction of justice.

ECF No. 5-1 at 53. The appellate court found that the first issue was waived because trial counsel failed to enter a proper contemporaneous objection. *Id.* at 57-66. The court found that the second issue lacked merit.[2] Rivas-Membreno failed to file a petition for writ of certiorari in the Maryland Court of Appeals.

Rivas-Membreno sought post-conviction relief with the Montgomery County Circuit Court. ECF No. 5-1 at 25, 44, 46. After a hearing on May 21, 2018, the Circuit Court granted partial relief, reducing the sentence of one of the counts of "robbery with a dangerous weapon" from 20 years to 6 years.[3] ECF No. 5-1 at 28. Rivas-Membreno filed an application for leave to appeal the Circuit Court's disposition of his post-conviction application on January 22, 2019. ECF No. 5-1 at 29; 48. The Court of Special Appeals issued an order on April 8, 2019 dismissing Rivas-Membreno's

---

[2] The Court of Special Appeals found that a part of the second issue, Rivas-Membreno's argument that "fundamental fairness" should be applied to merge his sentences, was not preserved for appellate review. ECF No. 5-1 at 67-98.

[3] Count 7 on Indictment No. 124143. Rivas-Membreno pled guilty to Count 7, which was set for trial separately than the other counts, on August 25, 2014. ECF No. 5-1, p. 20-21.

3

application because he failed to specify the errors committed by the lower court as required by Maryland Rule 8-204(b)(3). ECF No. 5-1 at 78.

On April 26, 2019, the Circuit Court granted, in part, Rivas-Membreno's motion to modify his sentence. ECF No. 5-1 at 30-31; 49. The Circuit Court imposed suspended sentences and five years' probation for the convictions for inducing false testimony, witness intimidation, solicitation of witness intimidation, and obstruction of justice. The result was an aggregate incarceration of 20 years on all counts.[4]

Rivas-Membreno's petition was filed in this Court on July 10, 2019 and is timely. ECF No. 1.

## PROCEDURAL DEFAULT

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

The Fourth Circuit has explained:

---

[4] After the sentencing relief obtained through post-conviction and the motion for modification, the original sentences for Counts 1 and 3 of Indictment No. 12143 (robbery with a dangerous weapon) remained in place, each carrying a concurrent sentence of 20 years. The other remaining sentences of incarceration (Counts 2, 4, 5, 6, and 7) run concurrent with Counts 1 and 3 and terminate before 20 years. ECF No. 5-1 at 22; 28; 49.

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[5] *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id*. (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314 (1995).

## ANALYSIS

Rivas-Membreno raises the following claims in the Petition filed with this Court: [1] Invalid waiver of right to testify and/or right to remain silent. ECF No. 1 at 6. [2a] Ineffective assistance

---

[5] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id*.; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006). Rivas-Membreno has not raised an actual innocence claim.

of counsel for failing to argue for judgment of acquittal on armed robbery counts. *Id*. [2b] Ineffective assistance of counsel for failure to request an intent instruction. *Id.* [2c] Ineffective assistance of counsel for failure to object to jury instruction on simple robbery. *Id*. [2d] Ineffective assistance of counsel for failure to raise the issue of an inconsistent armed robbery verdict when there was no weapons charge. *Id*. [3] The trial court erred in admitting evidence relied upon by an expert regarding the locations of cell phone towers. *Id*. [4] The trial court erred in failing to merge the sentences for witness intimidation, solicitation of witness intimidation, and inducing false testimony with the sentence for obstruction of justice. *Id*.[6]

Rivas-Membreno concedes that he did not seek review of the Court of Special Appeals' denial of his direct appeal with the Maryland Court of Appeals. ECF No. 6 at 2. As such, the claims raised in the Court of Special Appeals, listed as grounds three and four above, are unexhausted. These unexhausted claims are also procedurally defaulted because the state courts would now find that Rivas-Membreno cannot re-assert these claims. *See Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001); *accord Breard*, 134 F.3d 615 at 619 (stating that a procedural default occurs when a habeas petitioner fails to exhaust available State remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred) (citation omitted).

The remaining claims are also procedurally defaulted because the Court of Special Appeals dismissed Rivas-Membreno's application for leave to appeal the disposition of his post-conviction application based on an independent and adequate state ground. The Court of Special Appeals expressly dismissed Rivas-Membreno's application for leave because he failed to specify the trial court's errors as required by Maryland Rule 8-204(b)(3). See *Brown v. Cambell*, No. CV PWG-18-

---

[6]     Grounds 3 and 4 were raised by Rivas-Membreno by incorporation from his direct appeal. ECF No. 1 at 6.

1921, 2021 WL 4339195, at *10 (D. Md. Sept. 23, 2021) (Maryland Rule 8-204(b)(3) is a procedural rule which provides an independent and adequate state ground for dismissal).[7]

Rivas-Membreno contends his procedural default should be excused because the Circuit Court did not inform him that a partial record had been transmitted to the Court of Special Appeals or whether his application for leave had been granted. ECF No. 6 at 1. Rivas-Membreno's explanation does not constitute adequate cause to excuse the procedural default. The application for leave to appeal was the initial pleading. Thus, the alleged lack of subsequent notice by the clerk of court would not have impacted Rivas-Membreno's ability to set forth the trial court errors in his application for leave. While not included as an attachment in his reply, Rivas-Membreno contends the Court of Special Appeals rejected his motion for reconsideration based on this argument. ECF No. 6 at 2. There was no factor external to the defense that impeded Rivas-Membreno's ability to comply with Maryland Rule 8-204(b)(3).

Rivas-Membreno's claims are all procedurally defaulted and he has offered no cause to excuse the failure to raise the claims with the State courts. Further, he fails to demonstrate that a miscarriage of justice will result if this Court does not reach the merits of his claims. Federal habeas relief is denied on all claims.

## CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason

---

[7] Rivas-Membreno contends that he presented Ground One and Ground Two (including all sub-parts) in his post-conviction application. ECF No. 1 at 3. Respondents contend Ground One was never presented to a state appellate court. ECF No. 5 at 10. However, neither party provided the Court a copy of the post-conviction application or the application for leave to appeal to the Court of Special Appeals. In any event, under either scenario, Ground One is procedurally defaulted. If Ground One was included in Rivas-Membreno's post-conviction application and application for leave to appeal, it is procedurally defaulted pursuant to the independent and adequate state ground doctrine because the Court of Special Appeals dismissed the application on a state procedural rule. If Ground One was not included in the post-conviction application and/or application for leave to appeal, then the claim is unexhausted and procedurally defaulted.

would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This Court concludes that Rivas-Membreno has not made such a showing and declines to issue a certificate of appealability. Rivas-Membreno may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

    A separate Order follows.


 September 12, 2022                                                       /s/
Date                                                               Paul W. Grimm
                                                                     United States District Judge